UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS GALINDO, ) | Case No. CV 13-2366 MRW |
| Petitioner, ) | |
| vs. ) | ORDER DISMISSING ACTION |
| JOHN DOE, ) | |
| Respondent. ) | |

The Court summarily dismisses the action pursuant to the successive habeas petition rule contained in 28 U.S.C. § 2244, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and Federal Rule of Civil Procedure 41.

\* \* \*

This is a state habeas action. In 2006, a jury convicted Petitioner of robbery and a firearm enhancement. Under California's Three Strikes sentencing law, the trial court sentenced Petitioner to a term of forty years to life in prison. (Docket

# 13 at 3.) The state appellate court affirmed Petitioner's conviction on direct appeal. The state supreme court denied review.

In 2008, Petitioner sought federal habeas review in this Court. See Galindo v. Gonzales, CV 08-6280 RSWL (JC) (C.D. Cal.). The Court denied relief and dismissed the action with prejudice in July 2010. Petitioner did not appeal that decision.

Petitioner filed the present action in April 2013. The current habeas petition was not accompanied by a certificate from the Ninth Circuit Court of Appeals authorizing a successive habeas action pursuant to 28 U.S.C. § 2244(b). On that basis, the Attorney General moved to dismiss the action. (Docket # 13.) In a subsequent filing, Petitioner "conced[ed] that he did not comply with the Section 2244(b) requirements." (Docket # 20.) Petitioner informed the Court that he had had a request pending with the Ninth Circuit for permission to proceed with the action. The Court stayed the action pending the Ninth Circuit's consideration of the request. (Docket # 21.)

In January 2014, the Ninth Circuit issued an order denying Petitioner's request to pursue this successive habeas action. (Docket # 22 (copy of order).) The Court issued an order requiring Petitioner to show cause why the action should not be summarily dismissed as successive. (Id.) Petitioner, a self-described "litigious inmate" (Docket # 1 at 14), failed to respond to the Court's OSC by the required date.

\* \* \*

Petitioner's current habeas action fails to satisfy the successive petition provisions of AEDPA. Federal law prohibits a state prisoner from filing successive habeas actions without advance permission from the United States Court of Appeals. See 28 U.S.C. § 2244(b); Burton v. Stewart, 549 U.S. 147 (2007) (dismissing successive petition for failure to obtain authorization from court

2

of appeals). The Ninth Circuit expressly denied his application for such authorization in this action. The case must be dismissed on that basis.

Moreover, his conviction is obviously untimely under the one-year limitations period for federal review contained in 28 U.S.C. § 2244(d). If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss a habeas action without ordering service on the responding party. 28 U.S.C. § 2243; see also Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief"). Petitioner's AEDPA filing period clearly expired several years before the commencement of this action. His untimely action is subject to dismissal on that ground.

Finally, Petitioner failed to respond to a court order requiring him to show cause regarding the status of the action. Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. See Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. See Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010); Ferdik v. Bonzelet, 963 F.2d 1258, 1263 (9th Cir. 1992) (analyzing factors supporting dismissal of Section 1983 actions). Given the nonviability of Petitioner's current claims, his apparent lack of interest in pursuing the action, and the interests of the Court and the Attorney

1  General in disposing of frivolous actions, Rule 41 provides an additional basis for
2  dismissing the action.
3       The action is therefore DISMISSED with prejudice.

6  DATED: February 18, 2014    _____
7                                    HON. MICHAEL R. WILNER
                                  UNITED STATES MAGISTRATE JUDGE